A. D. VALENTINE, Appellant, v. BOARD OF SUPERVISORS OF TAYLOR COUNTY et al., Appellees.

October 16, 1928.

M. R. Brant and Wisdom & Kirketeg, for appellant.

James A. Lucas, County Attorney, and James R. Locke, for appellees.

Stevens, C. J.—This case comes to us on a record of the pleadings filed by appellant therein and the several motions filed by appellee to strike. The original petition, in which it is alleged that the board of supervisors of Taylor County have established a Federal project through and adjoining the land of appellant, and that a portion of his land has been appropriated for the highway and otherwise damaged, and asking a judgment in the sum of $1,900, was filed November 8, 1923. The petition also alleged that the board of supervisors had refused to cause appraisers to be appointed to assess damages occasioned to his premises by the alleged change in the highway. This petition was met by a motion by appellee for more specific statement.

On December 7, 1925, appellant filed an amended and substituted petition in two counts, in which the items of damage are set out in detail. The amended and substituted petition alleged that appellant's claim had been duly filed in the office of the county auditor of Taylor County.

The amended and substituted petition was also assailed by a motion to strike each of the items of damage, and also by a motion for more specific statement. Before a ruling was had upon the latter motion, appellant filed an amendment to his

amended and substituted petition in three counts. In the first count it was alleged generally that the board of supervisors had failed, neglected, and refused to either accept or reject appellant's claim for damages. Count 3, by way of inducement, in general terms alleged the damages claimed, and averred that the board of supervisors and appellant had been unable to agree upon the amount of damages to be allowed, and that same had never been determined by a board of appraisers, and asked, as alternative relief, a writ of mandamus, to require the board of supervisors to proceed in accordance with Sections 1527-r1 and 1527-r3 of the 1915 Supplement to the Code and amendments thereto, to have the damages ascertained and appraised. To the latter pleading, the appellee also filed a motion to strike Count 3, upon the ground, among others, of the misjoinder of causes of action. The original motion to strike, which also set up a misjoinder of parties and actions, was refiled, and the several motions were thereupon submitted to the court, and sustained.

The notice of appeal served upon the defendants named "The Board of Supervisors of Taylor County, and M. A. Sawyer, *R. H. Couthard,* Hugh Buchanan," defendants. The defendant named as "Couthard" should have been "Coulthard." Service of the notice of appeal was accepted by the county attorney and his associate, as attorneys for appellees.

There is pending in this case a motion to dismiss the appeal, upon two principal grounds: (a) error in spelling the name of the defendant Coulthard, and (b) appellant's failure

to serve the notice of appeal upon the defendant Taylor County. Appellant, both in argument upon the merits and upon the motion of appellee to dismiss the appeal, proceeds upon the theory that the alleged cause of action stated in Count 3 of the amendment to the amended and substituted petition, in effect, admitted that he was not, on the record, entitled to recover a judgment for damages, and that the demand therefor was, to all intents and purposes, withdrawn and abandoned. This position of appellant's renders it unnecessary to consider or discuss the ruling of the court upon the motions to strike, except in so far as they relate to Count 3 of the amendment to the amended and substituted petition.

Appellant contends that Taylor County has no interest in the controversy, and that it was unnecessary to serve notice of appeal thereon. If Taylor County was a necessary party to the action, the failure to properly serve it with a notice of the appeal is fatal, and the motion to dismiss the appeal should be sustained. Obviously, it was the purpose and intention of appellant to present on this appeal only the correctness of the court's ruling on the motion to strike Count 3 of the amendment to the amended and substituted petition. Actions in mandamus are tried in equity, and may be joined in actions at law only as an auxiliary remedy "to compel the performance of a duty established in such action." Section 12444, Code of 1927. The duty of the board of supervisors in relation to the appointment of appraisers in proceedings to condemn real property for use in the alteration, widening, or change of a public highway was clearly set forth in Sections 1527-r1 to 1527-r3 of the 1915 Supplement to the Code. If the board of supervisors and the owner of the land sought to be taken were unable to agree, the duty was placed upon the county auditor of appointing three disinterested appraisers, to assess the damages.

Section 1527-r2 was amended by Chapter 81, Laws of the Fortieth General Assembly, so as to require the board of supervisors, in case of disagreement with the owner as to his claim for damages, to select one appraiser, the owner to select one, and the two thus selected to appoint the third. The proceedings to condemn the land in question, if any, were instituted in 1921, or prior thereto. Whether a necessary party or not, the county auditor was not named as a defendant in this action.

The cause of action stated by appellant, except in Count 3 of the amendment to the amended and substituted petition, is based upon the claim filed in the office of the county auditor. The claim, as originally filed, and as amended, is set out in the petition. No action in tort is alleged or sought to be maintained against the members of the board of supervisors of Taylor County individually.

The right to initiate proceedings for the condemnation of land for use in the improvement of a public highway is, by statute, placed in the board of supervisors. Just what right of initiation the landowner has, has not been determined by this

court. The subject was referred to in *Brown v. Davis County,* 196 Iowa 1341, but not passed upon.

The only question before us for decision, if the motion to dismiss be overruled, is the correctness of the court's ruling on the motion to strike Count 3 of the amendment to the amended and substituted petition. The abandonment or withdrawal by appellant of his demand for judgment against the defendants in the main action left nothing to which the prayer for a mandatory order could be auxiliary. No duty in the main action could be established, and there was nothing to compel the defendants to do as auxiliary to relief to be therein granted. The action, if any, as stated in the pleadings, is original, and for a writ of mandamus, to compel the proper officers to perform their duty in the matter of determining and appraising appellant's damages. Whether the necessary parties are all named in the pleadings is not involved. Therefore, if the cause of action originally pleaded has not been abandoned or withdrawn, there is a clear misjoinder of causes, and the motion to strike was properly sustained. The purpose of appellant to rely upon Count 3 of the amendment to the amended and substituted petition was obviously not made clear to the district court at the time it was submitted. The court had authority, after the motion to strike was sustained, to allow the plaintiff to file a petition setting up his alleged cause of action in mandamus, and to order that the same be docketed without further service of notice. Section 10965, Code of 1924. So far as the record discloses, no request was made under provisions of the foregoing section. The record in this case presents many difficulties, but it seems to us that the motion to dismiss the appeal is well taken as to the principal cause of action of the appellant for damages, and must be sustained. It is otherwise overruled.

The ruling of the court on the motion to strike Count 3 of the amendment to the amended and substituted petition upon the ground of a misjoinder of causes, in view of the record as it then stood in the district court, was clearly right. As to the correctness of the ruling of the court upon the remaining grounds of the motions to strike, we express no opinion. Further discussion is unnecessary.—*Affirmed.*

De Graff, Albert, Morling, and Wagner, JJ., concur.